01

02

03

04

05

06                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                            AT SEATTLE

08 LOCALS 302 AND 612 OF THE          )   CASE NO. C10-0282-MAT
   INTERNATIONAL UNION OF             )
09 OPERATING ENGINEERS                )
   CONSTRUCTION INDUSTRY HEATH        )
10 AND SECURITY FUND, et al.,         )
                                      )
11      Plaintiffs,                   )   ORDER GRANTING IN PART AND
                                      )   DENYING IN PART PLAINTIFFS'
12      v.                            )   MOTION FOR SUMMARY
                                      )   JUDGMENT
13 DON MORIN, INC.,                   )
                                      )
14      Defendant.                    )
   _____)

15

16                            INTRODUCTION

17      Plaintiffs – Locals 302 and 612 of the International Union of Operating

18 Engineers-Construction Industry Health & Security Fund, Locals 302 and 612 of the

19 International Union of Operating Engineers-Employers Construction Industry Retirement

20 Fund, Western Washington Operating Engineers-Employers Training Trust Fund (hereinafter

21 collectively "Trust Funds"), and Local 302 of the International Union of Operating Engineers–

22 move the Court for summary judgment against defendant Don Morin, Inc.  (Dkt. 9.)  This

01 matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §

02 1001, et seq. (ERISA), to recover delinquent trust fund contributions, liquidated damages,

03 interest, attorney's fees, and costs.

04      Plaintiffs filed this lawsuit in relation to delinquent contributions for the months of

05 December 2009 and January 2010.  Defendant paid the December 2009 contributions just

06 prior to the filing of this lawsuit and the January 2010 contributions after the lawsuit was filed.

07 Plaintiffs, therefore, now pursue the payment of liquidated damages, interest, attorney's fees,

08 and costs.  Plaintiffs seek liquidated damages in the amount of $10,708.93, interest in the

09 amount of $655.80, attorney's fees in the amount of $3,565.50, and costs in the amount of

10 $485.74.  (*See* Dkts. 11 & 15.)

11      Defendant contends the pleadings on file do not support granting summary judgment

12 and that, even if adequate evidence was offered, the liquidated damages clause at issue in this

13 case is unenforceable as a penalty under Washington law.  (Dkt. 13.)  For the reasons

14 described below, the Court finds plaintiffs entitled to liquidated damages for the delinquent

15 January 2010 contributions, but not for the delinquent December 2009 contributions.  The

16 Court further finds plaintiffs entitled to the interest, attorney's fees, and costs requested.

17 BACKGROUND

18      On April 4, 1996, defendant entered into a compliance agreement wherein it agreed to

19 be bound by the terms and conditions of the Trust Agreements of the three Trust Funds included

20 in this lawsuit.  (Dkt. 12, Exs. A, C-E.)  The compliance agreement also bound defendant to

21 the collective bargaining agreement between Associated General Contractors of Washington

22 and Locals 302 and 612 of the International Union of Operating Engineers, and any successor

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -2

01  agreements.  (*Id*., Ex. B.)

02  The collective bargaining agreement currently in effect requires defendant to report and

03  pay monthly contributions to the Trust Funds for all employees covered by the agreement on or

04  before the fifteenth day of the month following the month in which the relevant hours were

05  worked.  (*Id*., Ex. B at 20 (Schedule "B" Fringe Benefits, Section 1).)  The Trust Agreements

06  require the payment of liquidated damages in an amount equal to twelve percent of the

07  delinquent contributions owed and twelve percent interest accruing upon each monthly

08  contribution delinquency.  (*See id*., Exs. C-E (Art. II, Section 9).)  They also require the

09  payment of attorney's fees, court costs, and reasonable expenses in relation to the collection of

10  delinquent contributions.  (*Id*.)

11  Records submitted by plaintiffs reveal that defendant delinquently submitted its

12  contributions for the months of December 2009 and January 2010.  (*Id*., Ex. F.)  The records

13  show a payment on February 17, 2010 for December 2009 contributions due on January 15,

14  2010, and a payment on February 26, 2010 for January 2010 contributions due on February 15,

15  2010.  (*Id*.)  Plaintiffs note that payments are typically received on the day prior to the deposit

16  and concede that it most likely received the December 2009 contributions on February 16,

17  2010.  (Dkt. 14 at 3, n.1 and 7.)  Plaintiffs filed the lawsuit under consideration on February

18  17, 2010.  (Dkt. 1.)

19  <u>DISCUSSION</u>

20  Summary judgment is appropriate when "the pleadings, depositions, answers to

21  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

22  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -3

01 matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

02 The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

03 make a sufficient showing on an essential element of his case with respect to which he has the

04 burden of proof.  *See Celotex*, 477 U.S. at 322-23.

05    Genuine issues of material fact that preclude summary judgment are "disputes over

06 facts that might affect the outcome of the suit under the governing law[.]"  *Anderson v. Liberty*

07 *Lobby, Inc.*, 477 U.S. 242, 248 (1986).   In deciding a summary judgment motion, the Court

08 must view all facts and inferences therefrom in the light most favorable to the nonmoving party.

09 *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "[A] party opposing a

10 properly supported motion for summary judgment may not rest upon mere allegation or denials

11 of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."

12 *Anderson*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)).

13 A. <u>Support for Summary Judgment</u>

14    Defendant first contends that the pleadings on file do not support granting summary

15 judgment.   Defendant states that it denied in its Answer the claims alleging breach of contract

16 and asserting damages.    It avers that no evidence has been offered, either in the Complaint or in

17 Plaintiffs' Motion for Summary Judgment, supporting an action on contract for liquidated

18 damages or other remedies.   Defendant maintains, therefore, that plaintiffs have failed to

19 demonstrate their entitlement to a judgment as a matter of law under any circumstances.

20 However, the Court, in large part, rejects these contentions.

21    Plaintiffs aver and provide documentation showing that defendant is bound by a

22 collective bargaining agreement, as well as to the terms and conditions of Trust Agreements

01  which require the payment of liquidated damages, interest, attorney's fees, and costs in the

02  event of delinquent contributions.  Plaintiffs establish that defendant submitted delinquent

03  contributions for the months of December 2009 and January 2010, the amount of liquidated

04  damages and interest owing as a result of those delinquent contributions under the operative

05  documents, and the attorney's fees and costs incurred as a result of their efforts to recover

06  delinquent contributions and associated damages.

07          Defendant does not dispute that it is bound by the enforceable terms of the operative

08  documents (*see* Dkt. 13 at 5, n.2), that it failed to timely submit its contributions for the months

09  in question, or that the operative documents require the payment of interest, attorney's fees, and

10  costs.  Nor does defendant dispute the amounts of liquidated damages, interest, attorney's fees,

11  and costs allegedly incurred under the operative documents.  Defendant, instead, argues only

12  that the liquidated damages clause contained within each Trust Agreement is unenforceable as a

13  penalty.

14          For the reasons discussed below, the Court finds plaintiffs entitled to an award of

15  liquidated damages owing for the delinquent January 2010 contributions, interest for both of the

16  months in question, and an award of attorney's fees and costs.  The evidence submitted

17  demonstrates that there are no genuine issues as to any material facts and that plaintiffs are

18  entitled to a judgment as a matter of law with respect to these damages.  Defendant's

19  contention as to insufficient pleading and a lack of evidence supporting summary judgment on

20  these issues is no more than conclusory and, therefore, insufficient to defeat summary

21  judgment.

22          As also discussed below, however, the Court does not find plaintiffs entitled to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -5

01  summary judgment in relation to all of the damages associated with the delinquent December

02  2009 contributions.  That is, plaintiffs fail to submit in their summary judgment motion

03  sufficient argument and evidentiary support for their contention that they are entitled to

04  liquidated damages in relation to those contributions.

05  B.    Damages for Delinquent Contributions

06    Defendant contends that the liquidated damages clause at issue in this case is

07  unenforceable as a penalty under Washington law.   It points specifically to RCW 62A.2-718,

08  which states:

09    Damages for breach by either party may be liquidated in the agreement but only
      at an amount which is reasonable in the light of the anticipated or actual harm
10    caused by the breach, the difficulties of proof of loss, and the inconvenience or
      nonfeasibility of otherwise obtaining an adequate remedy. A term fixing
11    unreasonably large liquidated damages is void as a penalty.

12  RCW 62A.2-718(1).

13    Defendant asserts that that the liquidated damages provision at issue, which applies

14  regardless of the length or impact of the delinquency, is clearly a penalty.  *See Lind Bldg.*

15  *Corp. v. Pac. Bellevue Dev.*, 55 Wn. App. 70, 79, 776 P.2d 977 (1989) ("[T]he purpose of

16  awarding damages for breach of contract is to place the damaged party, as nearly as possible, in

17  the position he would be in had the contract been performed. He is not entitled to more than he

18  would have received had the contract been performed.") (citing *Platts v. Arney*, 50 Wn.2d 42,

19  46, 309 P.2d 372 (1957)).   It asserts that "'[i]nterest is adequate compensation for any loss

20  occasioned by the debtor's delay[,]'"  *Aubrey v. Angel Enters.*, 43 Wn. App. 429, 434, 717

21  P.2d 313 (1986) (quoting *Shepherd v. Continental Bank*, 28 Wn. App. 346, 349, 622 P.2d 1310

22  (1981)), and that the imposition of liquidated damages on top of interest accrued constitutes a

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -6

01 windfall for plaintiffs.  Defendant stresses that plaintiffs have failed to identify any damages

02 sustained in this case as a result of the delinquent contributions.  It notes, as an additional

03 consideration, that it had no opportunity to bargain for the terms contained in the Trust

04 Agreements.

05       Plaintiffs counter defendant's contentions by asserting that damages associated with the

06 January 2010 contributions are preempted under ERISA and that they are entitled to the

07 damages associated with the December 2009 contributions under federal common law.  As

08 discussed below, the Court agrees with plaintiffs' contention as to liquidated damages for the

09 January 2010 contributions and as to the total amount of interest, attorney's fees, and costs

10 sought, but finds a lack of support as to liquidated damages for the December 2009

11 contributions.

12       1.    <u>January 2010 Contributions</u>:

13       ERISA obligates participating employers to make contributions to a multi-employer

14 trust fund in accordance with the contract and trust agreement.  *See* ERISA Section 515, 29

15 U.S.C. § 1145.  It provides, at § 1132(g)(2), specific remedies for delinquent contributions,

16 including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees,

17 and costs.  As noted, defendant is also bound by Trust Agreements containing terms as to

18 damages owed as a result of delinquent contributions.   (Dkt. 9, Exs. C-E.)

19       "Section 1132(g)(2) is 'mandatory and not discretionary.'" *Northwest Adm'rs Inc. v.*

20 *Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v.*

21 *Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir. 1984)).  Entitlement to a mandatory

22 § 1132(g)(2) award requires that: "(1) the employer must be delinquent at the time the action is

01   filed; (2) the district court must enter a judgment against the employer; and (3) the plan must

02   provide for such an award." *Id.* (citing *Idaho Plumbers & Pipefitters Health & Welfare*

03   *Fund,* 875 F.2d 212, 215 (9th Cir. 1989)). "[M]andatory fees are available under § 1132(g)(2)

04   'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent

05   contributions themselves.'" *Id.* at 258 (quoting *Carpenters Amended & Restated Health*

06   *Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1175 (5th Cir. 1985)).

07        Here, it is undisputed that defendant was delinquent in making its January 2010

08   contributions at the time plaintiffs filed this suit and that the Trust Agreements provide for

09   liquidated damages, interest, attorney's fees, and costs. Plaintiffs are, accordingly, entitled to

10   liquidated damages, interest, attorney's fees, and costs under § 1132(g)(2) in relation to the

11   January 2010 delinquent contributions.

12        Defendant's reliance on state law is unavailing. ERISA contains an expansive

13   preemption provision. *See generally* 29 U.S.C. § 1144 (a) (ERISA "shall supersede any and

14   all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered

15   by ERISA) and (c)(1) ("'State law' includes all laws, decisions, rules, regulations, or other State

16   action having the effect of law[.]"); *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (observing

17   that ERISA's preemption provision is "'clearly expansive.'") (sources omitted); *General Am.*

18   *Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993) ("ERISA's preemption clause

19   is one of the broadest ever enacted by Congress, and it preempts even generally applicable laws,

20   not just laws aimed exclusively at employee benefit plans[.]") (internal citations omitted).

21        Section 1132(g)(2)(C)(ii) specifically allows for a grant of "liquidated damages

22   provided for under the plan in an amount not in excess of 20 percent[.]" Defendant fails to

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -8

01  support the contention that the liquidated damages provision at issue here, allowing for only

02  twelve percent of delinquent contributions owing, may escape preemption.   Indeed, defendant

03  entirely ignores the issue of preemption, focusing instead on distinguishable and inapplicable

04  state law.   Because this argument fails and because plaintiffs are entitled to the damages

05  sought in relation to the January 2010 contributions, the Court finds plaintiffs entitled to

06  summary judgment on this issue.

07        2.        December 2009 Contributions:

08        Plaintiffs concede receipt of defendant's December 2009 contributions prior to the

09  filing of this lawsuit and, therefore, the inapplicability of § 1132(g)(2) to damages associated

10  with these delinquent contributions.   Section 1132(g)(2) does not preempt alternative

11  contractual remedies when its provisions fail to reach the particular situation in question.

12  *Idaho Plumbers*, 875 F.2d at 217.   Plaintiffs, accordingly, seek damages for the December

13  2009 contributions based on the terms of the collective bargaining agreement and the Trust

14  Agreements.

15        Under federal common law, in order to be deemed enforceable, and not void as a

16  penalty, a liquidated damages provision must meet two conditions:   "First, the harm caused by

17  a breach must be very difficult or impossible to estimate.   Second, the amount fixed must be a

18  reasonable forecast of just compensation for the harm caused."   *Id*. (citations omitted).[1]   "The

19  _____

20        1 While the parties dispute whether federal or state law controls this issue, neither identifies a
    relevant distinction between federal and state law.   *Compare Idaho Plumbers*, 875 F.2d at 217
21  (looking to whether the harm caused by a breach is "very difficult or impossible to estimate[]" and
    whether the amount fixed is "a reasonable forecast of just compensation for the harm caused."), *with*
    RCW 62A.2-718(1) (looking to whether liquidated damages are "reasonable in the light of the
22  anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience
    or nonfeasibility of otherwise obtaining an adequate remedy.")   Given the similarity in the criteria

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -9

01  parties' intentions determine whether this second requirement is satisfied.  They must make a

02  good faith attempt to set an amount equivalent to the damages they anticipate."  *Id.*  (citations

03  omitted).  Where unreasonable, a court will refuse to enforce stipulated damages on public

04  policy grounds.  *Id.*  (cited sources omitted).

05        Here, plaintiffs state that the December 2009 liquidated damages are enforceable "based

06  on the language of the liquidated damages provision of the Trust Agreements, and the reasons

07  they give for awarding liquidated damages – in part because it's too difficult to determine the

08  exact amount of damages."  (Dkt. 14 at 7.)   The Trust Agreements state in relevant part:

09              The parties recognize and acknowledge that the regular and prompt
             payment of employer contributions to the Fund is essential to the efficient and
10           fair administration of the Fund and the Plan and that the Fund will incur extra
             administrative expenses in addition to and apart from actual legal fees and costs
11           as a result of any failure of any Individual Employer to pay required monthly
             contributions in full within the time provided; that the amount of such extra
12           expense has a direct relationship to the number of Employees involved, which in
             turn has a direct relationship to the total contributions due; and that the actual
13           amount of such extra administrative expense is extremely difficult, if not
             impractical, to establish.  The parties wish to establish in advance of any
14           default, the measure for such extra administrative expense as liquidated
             damages.  Accordingly, the parties agree that if any Individual Employer is
15           delinquent in remitting any required contributions, then unless the Trustees, by
             affirmative action, waive the same for good cause shown, such delinquent
16           Individual Employer shall be liable for a liquidated damage charge in the sum of
             twelve percent (12%) of the amount of his delinquency; provided that such
17           liquidated damages shall in no event be less than twenty-five dollars ($25.00)
             for each month of contributions which is delinquent.

18

19  (Dkt. 12, Exs. C-E (Art. II, Section 9).)   Plaintiffs also note that the agreements require

20  damages of only twelve percent of the delinquency, rather than the twenty percent rejected by

21  _____

22  applied, *see id.*, and the fact that courts in the Ninth Circuit appear to apply federal law, *see*, *e.g.*, *Idaho Plumbers*, 875 F.2d at 217, the Court herein applies federal common law in addressing the enforceability of the liquidated damages provision at issue.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -10

01  the Ninth Circuit in *Idaho Plumbers*.

02       The Court encounters no difficulty in concluding that plaintiffs satisfy the first prong of

03  the above-described two-part test.   *See Idaho Plumbers*, 875 F.2d at 217.   Courts have

04  recognized the difficulty in estimating damages caused by delinquent trust fund contributions.

05  *See*, *e.g.*, *Bd. of Trustees v. Udovch*, 771 F. Supp. 1044, 1049 (N.D. Cal. 1991) ("When an

06  employer is delinquent in paying contributions into a fringe benefit trust fund, the fund suffers

07  some kinds of harms that are very difficult to gauge. In order to pursue payment, the trust must

08  engage in a number of activities, such as sending additional collection letters, billing

09  statements, and correspondence, and placing follow-up telephone calls, that are made necessary

10  only by the breach but that are so intertwined with on-going operations that their separate value

11  is most difficult to measure. A trust fund pursuing delinquent contributions suffers additional

12  harm through the diversion of employee and executive time and attention from other business

13  matters. Moreover, the plans are subjected to uncertainty about whether the delinquent

14  contributions will ever be collected and the effect the delinquencies will have on the fund's

15  ability to pay out benefits.")   In this case, the difficulty in accurately forecasting damages, as

16  averred by plaintiffs and stated explicitly in the Trust Agreements, is apparent.

17       Plaintiffs do not, however, succeed in relation to the second part of the applicable test.

18  *See Idaho Plumbers*, 875 F.2d at 217.   In fact, plaintiffs do not make any showing with respect

19  to efforts made to forecast just compensation for the harm caused by delinquent contributions.

20  They proffer no argument or evidence as to the parties' intentions or the process entailed in the

21  formulation of the liquidated damages provision.   Instead, they simply assert that defendant is

22  bound by the plain language of the Trust Agreements and rely on the fact that they seek a lesser

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -11

01 amount than that deemed a penalty in a different case.   The relevant language within the Trust

02 Agreements does not provide any further explanation, stating only that the Trust Funds "will

03 incur extra administrative expenses" and "that the amount of such extra expense has a direct

04 relationship to the number of Employees involved, which in turn has a direct relationship to the

05 total contributions due[.]"   (Dkt. 12, Exs. C-E.)

06          "Without some indication that the liquidated damages provision is a good faith attempt

07 to set an amount reflective of anticipated damages, [the court] will find the provision void as a

08 penalty."   *Parkhurst v. Armstrong Steel Erectors, Inc*., 901 F.2d 796, 798 (9th Cir. 1990).   *See*

09 *also Idaho Plumbers*, 875 F.2d at 218 (rejecting twenty percent liquidated damages provision,

10 leading to damages totaling $9,245.23 for contributions paid four days late, explaining: "Even

11 taking account of lost investment interest and increased administrative costs, these damages are

12 not a reasonable forecast of just compensation. The trust funds provide no explanation for the

13 increase from 10% to 20%. They do not suggest that it corresponded to an increase in

14 administrative or other costs. The trustees had the opportunity and authority to establish a

15 schedule of damages, but failed to do so. The provision was not a good faith attempt to estimate

16 the amount of damages flowing from the breach.")   This remains true whether the provision

17 calls for twenty percent of the delinquent contributions or some lesser amount.   *See*, *e.g*.,

18 *Parkhurst*, 875 F.2d at 798 (noting appellees' concession "that the *Idaho Plumbers* penalty

19 analysis would recognize no difference between a 10% or 20% rate[]" and finding nothing in

20 the record to indicate that liquidated damages provisions at either ten or twenty percent were the

21 result of good faith attempts to forecast damages); *Udovch*, 771 F. Supp. at 1050 (finding ten

22 percent liquidated damages provision unenforceable as a penalty where it was clear it could not

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -12

01    "be considered a reasonable forecast of only the otherwise uncompensated harm that breaches

02    were likely to cause."; also rejecting enforceability of twenty percent figure applied in the event

03    of multiple delinquencies).

04         Because plaintiffs fail to make any showing that the twelve percent liquidated damages

05    provision resulted from a good faith attempt to estimate damages flowing from a breach, the

06    Court has no basis for concluding that the provision is enforceable.   *See Parkhurst*, 901 F.2d at

07    798.   Plaintiffs, therefore, fail to establish their entitlement to liquidated damages for the

08    delinquent December 2009 contributions.

09         The Court notes, however, that defendant raises no argument as to interest accrued in

10    relation to the December 2009 contributions.   Indeed, defendant appears to suggest that the

11    interest constitutes adequate compensation for the harm caused by its failure to timely render its

12    contributions.   (*See* Dkt. 13 at 4 and 6.)   Defendant likewise appears to recognize its

13    contractual obligation to pay "costs and fees associated with recovery."   (*Id*. at 6.)   The Court,

14    therefore, finds defendant liable for the interest accrued in relation to the delinquent December

15    2009 contributions, and attorney's fees and costs associated with recovering those damages.

16                                    CONCLUSION

17         In sum, the Court finds plaintiffs entitled to some of the liquidated damages sought, as

18    well as to interest, attorney's fees, and costs.   Accordingly, Plaintiffs' Motion for Summary

19    Judgment is hereby GRANTED in part and DENIED in part.   Plaintiffs are awarded liquidated

20    damages in the amount of $5,183.12 for the delinquent January 2010 contributions.   (*See* Dkt.

21    12, Ex. F.)   Plaintiffs are also entitled to the interest, attorneys' fees, and costs requested, as

22    outlined above.   However, because plaintiffs calculated the amount of interest as of March 4,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -13

01   2010 (*id.*) and the amount of attorney's fees and costs as of September 2010 (*see* Dkt. 15), a

02   revised accounting may now be in order.   Accordingly, plaintiffs shall submit such

03   information within **ten (10) days** of the date of this Order.

04          DATED this 25th day of October, 2010.

05

06                                              _____

07                                              Mary Alice Theiler
                                                United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -14